JOHN M. JENSEN and ADELE M. JENSEN, Plaintiffs-Appellants, *v.* RONALD S. PRATT, et al., Defendants-Appellees

No. 5047

November 15, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON and KOBAYASHI, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

This case comes before us from the granting of a motion for summary judgment in the circuit court. On June 5, 1970, plaintiffs and defendant Pratt brought on motions for the amendment of the complaint and answer respectively. The trial judge orally granted both motions. On the same day, defendant Pratt moved for summary judgment, noting June 8, 1970, the date for which the trial had been set, as the date for hearing on the motion. The motion for summary judgment came on for hearing on June 8, 1970, at which time the trial judge asked for argument on the motion by

written memoranda, setting neither a time limit for the submission of memoranda nor a date for oral hearing. Memoranda were filed by all parties and on August 13, 1970 the trial judge granted summary judgment in favor of all defendants.

Plaintiffs assert that the failure of the trial court to comply with the notice and hearing requirements of H.R.C.P. Rule 56(c) is reversible error. This court has held that, absent a showing of harm, the failure of the trial court to comply with the requirement of ten days' notice of hearing set forth in H.R.C.P. Rule 56(c) is not reversible error. *Shelton Engineering Contractors, Ltd. v. Hawaiian Pacific Industries, Inc.*, 51 Haw. 242, 456 P.2d 222, *rehearing denied*, 51 Haw. 353 (1969). The requirement of showing that the error is prejudicial stems from H.R.C.P. Rule 61: "The court at every stage of the proceeding must disregard any error which does not affect the substantial rights of the parties." We think the proper standard of appellate review under H.R.C.P. Rule 56(c) is to treat periods of notice of less than ten days as non-prejudicial, in the absence of a showing of actual harm under *Shelton, supra.*

On the other hand, we think the dispensing with the opportunity to be heard orally on a motion for summary judgment, contrary to the requirement of H.R.C.P. Rule 56(c), so strongly affects the substantial rights of the parties as to constitute harmful error *per se. Clarke v. Civil Service Comm'n*, 50 Haw. 169, 434 P.2d 312 (1967); *Enochs v. Sisson*, 301 F.2d 125 (5th Cir. 1962). This result is further dictated by the following specific language of H.R.C.P. Rule 78 which, we think, sets forth the exclusive procedure for dispensing with oral hearings as required under our Rules of Civil Procedure:

> To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

We have neither a rule nor an order generally dispensing

with the requirement of oral hearings on motions for summary judgment. Accordingly, we think that the failure of the trial court to give the parties an opportunity to be heard orally as required by H.R.C.P. Rule 56(c) was reversible error.

Reversed.

*Molly D. Zimring* for plaintiffs-appellants.

*George W. Ashford, Jr. (Jenks, Kidwell, Goodsill & Anderson* of counsel) for defendants-appellees C. J. Mackenzie and B. P. Thibadeau Associates.

*Alan C. Kay (Pratt, Moore, Bortz & Case* of counsel) for defendant-appellee Ronald S. Pratt.