109 P.3d 689

Benjamin QUERUBIN; Carolyn Taketa, as Special Administrator of the Estate of Juanita Querubin, deceased, Plaintiffs–Appellants,

v.

OLAF THRONAS, Defendant–Appellee,

and

Charles K. Lee; John Does 1–10; Jane Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; Roe Corporations 1–10; Roe "Non–Profit" Corporations 1–10; and Roe Governmental Entities 1–10; Defendants;

Olaf Thronas, Defendant/Cross–Plaintiff,

v.

Charles K. Lee, Defendant/Cross–Defendant,

Olaf Thronas, Defendant/Counter–Plaintiff,

v.

Benjamin Querubin, Plaintiff/Counter–Defendant.

Carolyn Taketa, as Special Administrator of the Estate of Juanita Querubin, deceased, Plaintiff/Cross-claim Plaintiff,

v.

Benjamin Querubin, Plaintiff/Cross-claim Defendant.

Olaf Thronas, Third–Party Plaintiff,

v.

The County of Kaua'i, a political subdivision of the State of Hawai'i, John Does 1–10, Jane Does 1–10, Doe Corporations 1–10, Doe Partnerships 1–10, and Doe Entities 1–10, Third-party Defendants.

No. 24086.

Supreme Court of Hawai'i.

March 31, 2005.

Rick J. Eichor, of Price, Okamoto, Himeno & Lum, Honolulu, Ryan E. Jimenez, Kapaa, on the briefs, for plaintiffs-appellants Benjamin Querubin; Carolyn Taketa, as Special

Administrator of the Estate of Juanita Querubin.

Warren C.R. Perry, Lihue, on the briefs, for defendant-appellee Olaf Thronas.

MOON, C.J., LEVINSON, NAKAYAMA, and DUFFY, JJ., and ACOBA, J., Dissenting.

Opinion of the Court by LEVINSON, J.

The plaintiffs-appellants Benjamin Querubin [hereinafter, "Benjamin"] and Carolyn Taketa, as Special Administrator of the Estate of Juanita Querubin [hereinafter, "Juanita"] [collectively hereinafter, "the Appellants"], appeal from the February 7, 2001 final judgment of the circuit court of the fifth circuit, the Honorable George M. Masuoka presiding, alleging that the circuit court erroneously entered the February 25, 2000 order granting the defendant-appellee Olaf Thronas's motion for summary judgment (MSJ) via joinder in the MSJ of the third-party defendant County of Kaua'i [hereinafter, "the County"] [collectively hereinafter, "the order granting Thronas's MSJ via joinder"].

On appeal, the Appellants argue: (1) that they "were deprived of their constitutional right to due process of law" because (a) the circuit court "erred in *sua sponte* granting summary judgment" and (b) they "were deprived of their right to present evidence when the [circuit] court granted summary judgment against them"; (2) that "the third-party complaint pleads an action distinct and separate from that originating in the original complaint"; (3) that the Appellants' "right to present evidence is not defeated by Thronas's collusion with the County"; and (4) that "the evidence does not support summary judgment against the" Appellants, insofar as "only admissible evidence can be considered on a motion for summary judgment," such that the circuit court should not have considered (a) "counsel's statements in legal briefs," (b) "the 'drivers' statements,'" which are "inadmissable double hearsay," and (c) "police reports," which are "not authenticated."

Thronas responds: (1) that the Appellants "raise issues in this appeal which they failed to raise in the trial court, their failure does not meet the criteria for addressing new issues on appeal, and hence this court must ignore these new issues"; (2) that, "by filing a statement of no position to [the] County's motion for summary judgment on *the* issue which formed the basis for their claim against Thronas, [the Appellants] waived their right to challenge the effect of a decision in favor of [the] County"; (3) that, "given [the Appellants'] taking no position on [the] County's motion, and the moving papers providing a sufficient basis, Judge Masuoka properly granted summary judgment in favor of [the] County and Thronas"; (4) that "the still-viable judgment on the order granting summary judgment in favor of [the] County is the 'law of the case,' eliminated the basis for [the Appellants'] claim against Thronas, and cannot be vacated without causing harm to [the] County"; and (5) that "there was no clerical error involved in Judge Masuoka's granting summary judgment to Thronas; thus Judge Masuoka did not abuse his discretion when he denied [the Appellants'] [Hawai'i Rules of Civil Procedure (HRCP)] Rule 60(a) [ (2000)[1]] motion for reconsideration." (Emphasis in original.)

The Appellants reply: (1) that "Thronas grossly misstates the procedural facts"; (2) that "an affidavit consisting of inadmissible hearsay cannot serve as a basis for awarding summary judgment"; (3) that the Appellants "did not waive their claims"; (4) that "this court could consider all issues raised in the appeal"; (5) that "the law of the case doctrine does not apply"; and (6) that the Appellants "were deprived of due process of law."

For the reasons discussed *infra* in section III, we hold: (1) that the circuit court erred

---

1. HRCP Rule 60(a) provides:

   **Relief from judgment or order.**

   (a) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the supreme court, and thereafter while the appeal is pending may be so corrected with leave of the supreme court.

in *sua sponte* entering the order granting Thronas's MSJ via joinder in Thronas's favor and against the Appellants without providing the Appellants notice that the entry of summary judgment against the Appellants was under consideration and an oral hearing expressly with respect thereto; and (2) that, notwithstanding the foregoing, (a) the order granting the County's MSJ against Thronas and (b) the judgment in favor of the County and against Thronas remain the "law of the case." Accordingly, we (1) vacate (a) the February 25, 2000 order granting Thronas's MSJ via joinder in Thronas's favor and against the Appellants and (b) the circuit court's February 7, 2001 final judgment and (2) remand this matter to the circuit court for further proceedings consistent with this opinion.

## I. *BACKGROUND*

The procedural history of the present matter includes several events that are immaterial to the appeal before this court. Accordingly, we set out only the relevant background below. On April 22, 1998, the Appellants filed a complaint in the circuit court, alleging in relevant part:

1. . . . [Benjamin] . . . and . . . [Juanita], deceased, . . . at all material times herein, were residents of the County of Kauai, State of Hawaii.

2. Defendant CHARLES K. LEE . . . at all material times herein, was a resident of the County of Kauai, State of Hawaii.

3. . . . [Thronas], . . . at all material times herein, was a resident of the County of Kauai, State of Hawaii.

. . . .

6. On or about August 1, 1997, at the intersection of Laukona Street and Kuhio Highway near the Mile Marker # 2, in the town of Hanamaulu, County of Kauai, State of Hawaii, . . . [Lee] negligently operated his motor vehicle so as [to] run the red light and collide with [the Appellants'] vehicle.

7. . . . [Thronas] is the registered landowner of the property located at 4485 Laukona Street, adjacent to the intersection of Laukona Street and Kuhio Highway.

8. . . . [Thronas] negligently maintained a hedge at the corner closest to said intersection[,] which far exceeded the three feet height limitation imposed by law and thereby obstructed the vision of motorists and caused a traffic hazard.

9. The combined negligence of [Lee and Thronas] directly caused the collision described above.

10. As a result of said collision, . . . [Benjamin] suffered severe bodily injuries including, but not limited to[,] multiple fractured ribs and [a] punctured lung.

11. As a result of the said accident, . . . [Juanita] suffered multiple heart attacks and died.

12. As a further result of the aforesaid conduct of [Lee and Thronas], . . . [Benjamin] has suffered mental distress, limitation of activities, loss of enjoyment of life, loss of consortium and other damages as shall be proven at trial.

13. As a further result of the negligence aforesaid, [the Appellants] have sustained medical, rehabilitative and miscellaneous expenses in excess of the minimum threshold established in H.R.S. Chapter 431:10C–308, and [they] seek damages therefor in an amount to be shown at trial.

WHEREFORE, [the Appellants] demand judgment against [Lee and Thronas], jointly and severally, as follows:

A. General damages in an amount to be shown at the time of trial.

B. Special damages in an amount to be shown at the time of trial.

C. Prejudgment interest from the date of the accident, costs, and reasonable attorneys fees, and such other and further relief as may be deemed just and equitable.

On May 18, 1998, Thronas filed, *inter alia,* an answer to the Appellants' complaint. On March 5, 1999, Thronas filed a third-party complaint against the County, alleging in relevant part as follows:

4. [The Appellants] alleged in their Complaint[,] . . . among other things, that [Thronas] "is the registered landowner of the property . . . adjacent to the intersection of Laukona Street and Kuhio Highway

(hereinafter designated 'intersection')," [Thronas] was negligent in maintaining "a hedge at the corner closest to [INTERSECTION] ... and thereby obstructed the vision of motorists and caused a traffic hazard," and the negligence of [Thronas] "directly caused" a traffic accident at INTERSECTION from which [the Appellants] incurred damages[;]

5. Based on information and belief, [Thronas] alleges that the portion of the subject hedge that is closest to INTERSECTION is in property that is owned and under the control of [the County;]

6. [The County] ... had a duty to maintain that portion of the hedge that is closest to INTERSECTION, and if any part of the hedge contributed to the damages incurred by [the Appellants], or any of them, it was the portion of the hedge located in [the County's] ... property that did so, and [the County] ... breached its[ ] duty to maintain that portion of the hedge;

7. If [the Appellants], or any of them, incurred damages as alleged in their Complaint, each of their damages were the result of the negligence or fault of [the County,] ... and [Thronas] was not at fault in any way; and

8. Any negligence or fault on the part of [Thronas] was passive and quaternary, whereas the negligence or fault of [the County] ... was active and primary, and thus [Thronas] is entitled to indemnification, contribution and/or subrogation from [the County]....

WHEREFORE THRONAS PRAYS AS FOLLOWS:

1. If judgment is entered in favor of [the Appellants], or any of them, against any party to this action, that [the circuit court] enter judgment against [the County][,] ... and not him;

2. If judgment is entered in favor of [the Appellants], or any of them, against him, that [the circuit court] enter judgment against [the County] ... in favor of him on the basis of indemnification, contribution, and/or subrogation;

3. If he and any other party to this action are determined to be joint tortfeasors, that [the circuit court] establish the relative degree of fault of each tortfeasor, and enter judgment against [the County] ... for any excess which he pays over and above his pro-rata share of the total judgment, if any, in favor of [the Appellants], or any of them; and

4. Grant him such other relief as [the circuit court] deems to be just and equitable.

On March 23, 1999, the County filed its answer to Thronas's third-party complaint.

On December 7, 1999, the County filed a motion for summary judgment against Thronas [hereinafter, "the County's MSJ"] and a memorandum in support thereof. The County's MSJ recited in relevant part as follows:

COMES NOW, ... [the County], by and through its attorney, ... [a][d]eputy [c]ounty attorney, and hereby moves for summary judgment against ... [Thronas].

This Motion is made pursuant to [HRCP] Rule 56 [ (1999),[2]] ... and is sup-

2. HRCP Rule 56 provides in relevant part:

**Summary judgment.**
(a) *For claimant.* A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof. A party seeking recovery under this rule may seek relief at any time after the expiration of 20 days from the commencement of the action or after the service of a motion for summary judgment by the adverse party, provided, however, that a motion seeking relief under this rule shall be served and filed no less than 50 days before the date of the trial unless granted permission by the court and for good cause shown.

(b) *For defending party.* A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof, provided, however, that a motion seeking relief under this rule shall be filed and served no less than 50 days before the date of the trial unless granted permission by the court and for good cause shown.

(c) *Motion and proceedings thereon.* The motion shall be filed and served not less than 18 days before the date set for the hearing. The adverse party may file and serve opposing memorandum and/or affidavits not less than 8 days before the date set for the hearing. The moving party may file and serve a reply or

ported by the pleadings, affidavits, exhibits, supporting memorandum, and any evidence to be adduced at the hearing on said motion.

In the memorandum in support of its MSJ, the County argued as follows with respect to Exhibit A, which was attached to the motion:

The police report, which includes witness statements, drivers' statements, and the traffic investigation, all make one point clear: *the hedge was not a contributing factor in the accident.* Not only does the police report state that drivers at the intersection have a clear line of sight, the report reveals that the most likely cause of the accident was [Lee's] running a red traffic light and colliding with [the Appellants'] vehicle.

The hedge was not a contributing factor in the accident. There is no genuine issue of material fact and summary judgment is proper.

(Emphasis in original.)

On December 10, 1999, Thronas filed the following joinder in the County's MSJ:

COMES NOW ... Thronas[,] ... by and through his ... legal counsel in this action, *joining in [the County's] Motion for Summary Judgment.* [Thronas] bases his joinder *on his belief and agreement with the County ... that the presence or maintenance of the hedge at the site of the traffic accident from which [the Appellants] incurred [ ]their injuries was not a contributing factor in said accident.*

(Emphases added.)

On January 7, 2000, the Appellants filed a statement of no position regarding the County's MSJ, stating as follows:

Comes now ... [the Appellants], by and through their attorneys, ... [and] hereby state that they have no position as to [the County's] Motion for Summary Judgment, which was filed December 7, 1999, and is scheduled for hearing before the Honor-

able George M. Masuoka. at 8:30 a.m. on January 11, 2000.

On January 11, 2000, the circuit court conducted a hearing on the County's MSJ:

THE CLERK: Civil number 98–0127, Benjamin Querubin, et al., versus Charles Lee, *et al.,* Third–Party Defendant County of Kauai's motion for summary judgment.

. . . .

[COUNTY'S COUNSEL]: Your Honor, I have nothing to add to our motion.

[THRONAS'S COUNSEL]: Your Honor, nor my joinder.

[APPELLANTS' COUNSEL]: We've taken no position, Your Honor.

THE COURT: Fine. Under the circumstances[,] the [circuit c]ourt will grant the motion . . . .

On January 28, 2000, the circuit court entered an order granting the County's MSJ, which provides in relevant part:

[The Appellants], having filed a statement of no position to the County's motion, and ... Thronas, having filed a joinder in the County's motion, and the [circuit c]ourt having reviewed the memoranda submitted, arguments of counsel, and being apprised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that [the County's MSJ] is hereby granted.

On February 25, 2000, the circuit court entered an order granting Thronas's MSJ via joinder:

THE HEARING on [the County's] Motion for Summary Judgment *on the ground that the presence or maintenance of the hedge at the site of the traffic accident from which [the Appellants] incurred [ ]their injuries was not a contributing factor in said traffic accident,* and the joinder in said Motion by ... Thronas[ ] came on to be heard on [January 11, 2000] . . . . Present at said hearing were

---

affidavit not less than 3 days before the date set for the hearing. *The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is enti-*

*tled to a judgment as a matter of law.* A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(Emphasis added.)

... legal counsel for the County[,] ... legal counsel for ... Thronas, and ... legal counsel for [the Appellants]. Based on the records of this action, and the written and oral submissions of said parties, to include [the Appellants'] taking of no position on said Motion,

THIS COURT HEREBY ORDERS Summary Judgment be granted in favor of ... Thronas ... *and against [the Appellants].*

(Emphases added.)

On March 6, 2000, pursuant to HRCP Rules 7 (2000) and 60(a), the Appellants filed a motion to set aside the order granting Thronas's MSJ via joinder [hereinafter, "the motion to set aside"] and a memorandum in support of the motion. In the memorandum, the Appellants asserted in relevant part:

This Motion is brought pursuant to HRCP Rule 60(a) to correct an oversight that occurred when the [circuit c]ourt entered [the order granting Thronas's MSJ via joinder], filed herein on February 25, 2000....

This order must be set aside for a very simple reason: ... *Thronas never filed a Motion for Summary Judgment against [the Appellants] herein and thus, obviously,* ... *Thronas could not possibly be granted Summary Judgment against [the Appellants].*

. . . .

As indicated above, at no time did ... Thronas ever file a Motion for Summary Judgment against [the Appellants], and thus the [the order granting Thronas's MSJ via joinder] is clearly a nullity which is completely devoid of any basis in the record. Accordingly, it should be set aside so there is no confusion in the record in later proceedings.

It appears that the genesis of this error was ... Thronas'[s] counsel's mistaken brief that by "joining" the County's motion against his own client, the County's motion against his client was somehow transformed into his client's motion against the [Appellants]. This, of course, is not true. Whatever the reason for this mistake, it is respectfully submitted that the record in this case must be clarified and the [order

granting Thronas's MSJ via joinder] set aside.

(Emphasis in original.)

On March 16, 2000, the circuit court entered judgment "in favor of the County ... and against all parties as to all claims asserted in the ... action against the County...."

On March 16, 2000, Benjamin, through his separate defense counsel and as counterclaim defendant, filed a joinder in the Appellants' motion to set aside.

On May 22, 2000, Thronas filed a memorandum in opposition to the Appellants' motion to set aside.

On May 30, 2000, the circuit court conducted a hearing on the Appellants' motion to set aside. During the hearing, the circuit court engaged the Appellants' counsel in the following colloquy:

THE COURT: Let me ask you some questions. Are you saying that there must be a motion before this [c]ourt ... can grant a motion for summary judgment?

[APPELLANTS' COUNSEL]: Under the procedural circumstances of this case, your Honor, yes, that would be correct, in that there was no adversarial positioning between the [Appellants] and the [County].

THE COURT: *Don't you think it would be inconsistent for me to grant a motion for summary judgment ... to the County on the basis that, in fact, the hedge ... was not a cause with reference to the ... accident and then say otherwise?*

[APPELLANTS' COUNSEL]: Well, Judge, I think what has been created is this, your Honor. With no standing on the part of the [Appellants] in that third-party complaint—we had not amended over against the [County]. With no standing to respond, to answer in any fashion, the defense counsel then turns around and lays over and says: Well, we join in the motion against ourselves. In other words, they're ... joining camps with the ... County.

Under those circumstances, *what they've done is* they've *attempted to circumvent any* such *direct motion for summary judgment against the [Appellants].* What they've done is—if the [circuit c]ourt would

allow an analogy to be made, in essence, we have Plaintiff/Defendant, one lawsuit, the Defendant/Third–Party Defendant in a separate claim.

I think what the defense is attempting to do is roll over on the second claim and then say: Uh-huh, we can take this summary judgment here and apply it in the first case, when, in all actuality, Judge, we had two separate claims.

Now, the fact of the matter is, we believe that there are very good reasons why they did not want to file a direct motion for summary judgment against the [Appellants]. He was fully aware, because we had submitted the very lengthy settlement booklet to [Thronas's counsel] and to Mr. Thronas indicating what our claims were, what our causes of action were, as well as the fact that we have a highway engineer along with a human factors expert who are ready and willing to testify with regard to . . . a causal connection between the violation of the ordinance by Mr. Thronas of that hedge height and what role that played in the accident.

The fact that he concedes on his action with the County should in no way [a]ffect the . . . the separate claim that we have against [Thronas], your Honor. Your Honor, we believe that there's no proper authority. He has not cited any cases which [are] on point because there is no law on this point.

The cases that he cites have to do with parties to . . . an action, parties that are in an adversarial position. There is not a single case indicated where they are allowing . . . an order for summary—

THE COURT: So you didn't . . . file a claim against them then?

[APPELLANTS' COUNSEL]: We . . . never filed a claim against the County. There was never a third-party complaint—

THE COURT: So—

[APPELLANTS' COUNSEL]:—we never amended it over—

THE COURT:—but upon a motion of any . . . party, this [c]ourt can consider all motions of summary judgment and consider the—even the opposing party who submits no motion, as far as the [circuit c]ourt is concerned, and can grant summary judgment as to whatever issues it feels . . . is proper.

[APPELLANTS' COUNSEL]: In an adversarial situation, your Honor, that's absolutely correct, and that's what the case law basically says.

But when you have two separate claims, your Honor, where, if you were to take case one, separate it from case two, the summary judgment in case two cannot apply in case one because the parties have not had an opportunity—first, they . . . lack standing to . . . come into case two, and they have not had the opportunity to answer and to respond and to have their position filed with the [circuit c]ourt. And that's exactly the situation that . . . has been created here, your Honor.

THE COURT: *There is no separate case.*

[APPELLANTS' COUNSEL]: *That's correct, your Honor.* But there are separate claims.

(Emphases added.) After entertaining argument by Thronas's counsel, the Appellants' counsel responded as follows:

[APPELLANTS' COUNSEL]: Judge, just in response to the argument that was posed here, your Honor. When [Thronas's counsel] speaks in terms of notice, when he speaks in terms of joinder, and when he speaks in terms of no response, your Honor, what he doesn't indicate and what he has impliedly . . . conceded in his own memorandum is the fact that we could not respond, we weren't party to the third-party action, and we had no standing. We . . . were not in a position to respond.

Defense counsel seems to be of the opinion that by taking back the door route he can apply it, when the only way in which to have a summary judgment would be to go by way of the front door, which is to file against us because our only complaint is against [Thronas]. We have no claim against the County, and the County never filed a motion for summary judgment against the [Appellants].

The County's motion for summary judgment was only as to [Thronas], because [Thronas] was the only party that had—

THE COURT: You're repeating the same arguments again.

[APPELLANTS' COUNSEL]: That's correct, your Honor.

THE COURT: Okay. [The circuit c]ourt will look at it one more time, will take it under advisement, and inform counsel of its decision.

On August 14, 2000, the circuit court entered an order denying the Appellants' motion to set aside.

On February 7, 2001, the circuit court entered final judgment, which provided in relevant part as follows:

Judgment is entered in favor of [Thronas] against [the Appellants] pursuant to the [order granting Thronas's MSJ via joinder].

. . . .

Judgment is entered in favor of [the County] against . . . Thronas with respect to Thronas'[s] third-party claims pursuant to the [o]rder [g]ranting [the County's MSJ] entered herein on January 28, 2000 and the Judgment entered herein on March 16, 2000.

On February 14, 2001, the Appellants timely filed a notice of appeal.

## II. STANDARD OF REVIEW

■ We review the circuit court's grant or denial of summary judgment *de novo*. *Hawai'i Community Federal Credit Union v. Keka*, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000). The standard for granting a motion for summary judgment is settled:

[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted

by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

*Id.* (citations and internal quotation marks omitted).

*Durette v. Aloha Plastic Recycling, Inc.*, 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004) (quoting *Simmons v. Puu*, 105 Hawai'i 112, 117–18, 94 P.3d 667, 672–73 (2004) (quoting *Kahale v. City and County of Honolulu*, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004) (quoting *SCI Management Corp. v. Sims*, 101 Hawai'i 438, 445, 71 P.3d 389, 396 (2003) (quoting *Coon v. City and County of Honolulu*, 98 Hawai'i 233, 244–45, 47 P.3d 348, 359–60 (2002)))))).

## III. DISCUSSION

A. *The Circuit Court Erred In Sua Sponte Entering The Order Granting Thronas's MSJ Via Joinder In Thronas's Favor And Against The Appellants Without Providing The Appellants Notice That The Entry Of Summary Judgment Against The Appellants Was Under Consideration And An Oral Hearing Expressly With Respect Thereto.*

■ On appeal, the Appellants, *inter alia*, "vigorously dispute . . . the granting of summary judgment in *favor of one non-moving party against another non-moving party*, without notice and an opportunity to be heard," insofar as "HRCP [Rule] 56(c)[, *see supra* note 2,] and due process protections do not permit summary judgment in such circumstances." (Emphasis in original.) We agree with the Appellants.

In *Clarke v. Civil Service Commission*, 50 Haw. 169, 434 P.2d 312 (1967), the circuit court addressed an appeal from several administrative hearings before the State of Hawai'i Civil Service Commission [hereinafter, "the Commission"] upholding the decision of the State of Hawai'i Director of Institutions to terminate the appellant's employment with "a State institution for the treatment and

care of the mentally retarded." *Id.* at 169–70, 434 P.2d at 312–13. "The trial court, at a pre-trial conference, instructed the parties to file memoranda on points of law. After a review of the memoranda filed by the parties, the court decided to treat the [Commission's] supplemental memorandum as a motion for summary judgment and thereupon dismissed the appeal." *Id.* On secondary appeal to this court, we reasoned and held as follows:

> As a general proposition, summary judgment should be granted where there is no genuine issue as to any material fact and one party is entitled to a judgment as a matter of law. HRCP Rule 56(b)(c); *Richards v. Midkiff,* 48 Haw. 32, 39, 396 P.2d 49, 54; *Brown v. Bishop Trust Co.,* 44 Haw. 385, 388, 355 P.2d 179, 181; *Territory v. Arneson,* 44 Haw. 343, 351, 354 P.2d 981, 986....
>
> *The record on appeal shows that the court entertained a motion for summary judgment sua sponte, the court treating the supplemental memorandum of the appellees as a motion for summary judgment though it was not denominated as such,* and also failed to allege that there was no genuine issue as to a material fact and that the appellee was entitled to a judgment as a matter of law.
>
> The question whether a summary disposition of a cause may properly follow a pre-trial conference though neither party has moved for summary judgment has been answered both in the affirmative and the negative by federal courts which operate under a provision of the Federal Rules of Civil Procedure identical to Rule 56 of the Hawaii Rules of Civil Procedure.... *Now assuming that the trial court has the power and authority to grant summary judgment sua sponte, such power can only be exercised in compliance with the provisions of the Rule.*
>
> *The record shows that the trial court, after the memoranda had been filed by the parties, proceeded to grant summary judgment to the appellees without notice to the appellant and without a hearing on the matter. Subsection (c) of Rule 56 requires that the motion for summary judgment be served 'at least 10 days before the time fixed for the hearing.' This provision can only be interpreted as requiring that the time for a hearing be fixed; that the adverse party be given notice of such setting; and that a hearing in fact be held on the matter.*
>
> *It is a well-settled proposition in federal courts that the notice and hearing requirements are far more than mere formalities and that, in the absence of such notice and hearing, the [circuit] court is without jurisdiction to grant summary judgment.* [Federal Rules of Civil Procedure (FRCP) Rule] 56; *Enochs v. Sisson,* 301 F.2d 125 (5th Cir.1962); *Georgia Southern & F. Ry. v. Atlantic Coast Line R. R.,* 373 F.2d 493 (5th Cir.1967).
>
> *We hold that the trial court erred in dismissing the appeal without notice and without a hearing on the matter contrary to provisions of [HRCP] Rule 56.*

*Id.* at 170–71, 434 P.2d at 313 (emphases added) (some citations omitted).

In *Jensen v. Pratt,* 53 Haw. 201, 491 P.2d 547 (1971), we elaborated on the principle set forth in *Clarke. Jensen* concerned an appeal alleging that the circuit court erred in entering summary judgment in favor of the defendants and against the plaintiffs *only* upon written memoranda submitted by both parties (*i.e.,* without an oral hearing before the circuit court). *Id.* at 201–202, 491 P.2d at 548. More specifically, the plaintiffs maintained on appeal "that the failure of the trial court to comply with the notice and hearing requirements of HRCP Rule 56(c) is reversible error." *Id.* at 202, 491 P.2d at 548. *Jensen* reasoned and held as follows:

> This court has held that, absent a showing of harm, the failure of the trial court to comply with the requirement of ten days' notice of hearing set forth in HRCP Rule 56(c) is not reversible error. *Shelton Engineering Contractors, Ltd. v. Hawaiian Pacific Industries, Inc.,* 51 Haw. 242, 456 P.2d 222, *rehearing denied,* 51 Haw. 353 (1969). The requirement of showing that the error is prejudicial stems from HRCP Rule 61: 'The court at every stage of the proceeding must disregard any error which does not affect the substantial rights of the parties.' *We think the proper stan-*

*dard of appellate review under HRCP Rule 56(c) is to treat periods of notice of less than ten days as non-prejudicial, in the absence of a showing of actual harm under Shelton, supra.*

*On the other hand, we think the dispensing with the opportunity to be heard orally on a motion for summary judgment, contrary to the requirement of HRCP Rule 56(c), so strongly affects the substantial rights of the parties as to constitute harmful error per se. Clarke v. Civil Service Comm'n, 50 Haw. 169, 434 P.2d 312 (1967); Enochs v. Sisson, 301 F.2d 125 (5th Cir. 1962).* This result is further dictated by the following specific language of HRCP Rule 78 which, we think, sets forth the exclusive procedure for dispensing with oral hearings as required under our Rules of Civil Procedure:

> To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

*We have neither a rule nor an order generally dispensing with the requirement of oral hearings on motions for summary judgment. Accordingly, we think that the failure of the trial court to give the parties an opportunity to be heard orally as required by HRCP Rule 56(c) was reversible error.*

*Id.* at 202–03, 491 P.2d at 548 (emphases added).

It is noteworthy that the Intermediate Court of Appeals (ICA) has held that "violation of the notice requirement does not automatically result in a reversal," insofar as *"Clarke's* progeny holds that *'absent a showing of harm,* the failure of the trial court to comply with the requirement of ten days' notice of hearing set forth in HRCP Rule 56(c) is *not* reversible error.'" *Kau v. City and County of Honolulu,* 6 Haw.App. 370, 372–73, 722 P.2d 1043, 1045 (1986) (some emphasis added and some in original) (affirming summary judgment against the appellants because the appellants "failed to

demonstrate prejudice or harm as a result of the [circuit] court's ... fail[ure] to give [them] the required [HRCP] Rule 56(c) 10-day notice of hearing," inasmuch as the appellee's written MSJ provided the appellants proper notice and the appellants "did file a memorandum and other papers in opposition to the [MSJ] and had an opportunity to be heard"); *see also Shelton Engineering Contractors, Limited v. Hawaiian Pac. Industries, Inc.,* 51 Haw. 242, 246, 456 P.2d 222, 225 (1969) (affirming summary judgment against the appellant because, although the appellee "did not comply with the literal requirement of [HRCP Rule 56(c)]" by filing the MSJ "only five days before the date set for the hearing," the appellee "complied substantially with the notice requirement of the rule as expressed in *Clarke,"* such that the appellant "had notice of a hearing and had the opportunity to be heard" and could "not demonstrate[ ] [that] he [was] harmed by not having a full ten days of notice").

Moreover, based on an amendment of the Rules of the Circuit Courts of the State of Hawai'i (RCCH) Rule 8 (2000),[3] the ICA has established an exception to the bright line rule set forth in *Jensen,* 53 Haw. at 202–03, 491 P.2d at 548, that a circuit court's failure to comply with the oral hearing requirement of HRCP Rule 56(c) is "harmful error *per se."* In *Wilder v. Tanouye,* 7 Haw.App. 247, 753 P.2d 816 (1988), the ICA addressed an appeal alleging that the circuit court had erred in granting summary judgment against the appellant without providing him an oral hearing on the appellees' MSJ. *Id.* at 251, 753 P.2d at 819. The circuit court had filed an *ex parte* order stating that it would "rule on [appellees' MSJ] without oral hearing and based solely upon the records, files and written arguments of the parties," but allowed the parties to "submit additional memoranda or evidence in the form of affidavit or other writing within thirty (30) days of the ... order." *Id.* at 249, 99 Cal.Rptr. 21, 491 P.2d at 819 (internal citations and quotation signals omitted). The ICA reasoned and held as follows:

---

**3.** RCCH Rule 8 provides in relevant part that "[t]he [circuit] court on its own motion may

order any matter submitted on the briefs and/or affidavits, without oral argument."

We start our analysis by examining the [HRCP]. *HRCP Rule 56 does not specify that an oral hearing on a motion for summary judgment is mandatory.* HRCP Rule 78 provides in pertinent part:

> To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

In *Jensen v. Pratt, supra,* our supreme court stated that Rule 78 "sets forth the exclusive procedure for dispensing with oral hearings" on summary judgment motions. *Id.* at 202, 491 P.2d at 548. Because there was "neither a rule nor an order generally dispensing with the requirement of oral hearings on motions for summary judgment[,]" *[Jensen* ] held that the failure to hold an oral hearing was reversible error. *Id.* at 202–03, 491 P.2d at 548. Four years earlier, in *Clarke v. Civil Serv. Comm'n, supra,* the [supreme] court had held that the trial court reversibly erred when it granted summary judgment on its own motion without notice and without a hearing on the matter.[4]

... RCC[H] Rule 8 reads in relevant part: "The court on its own motion may order any matter submitted on the briefs and/or affidavits, without oral argument." This sentence was incorporated into RCC[H] Rule 8 by an amendment adopted by the supreme court on June 22, 1983 to be effective July 1, 1983. Thus, Rule 8 fills the void noted in *Jensen* and specifically allows the circuit court to consider motions, including those for summary judgment, without oral argument.

The Order Adopting New Procedures is an order issued by the administrative judge of the First Circuit Court. It does not and cannot abrogate RCC[H] Rule 8 which has been adopted and amended by the supreme court. The Order Adopting New Procedures serves as a guideline for the First Circuit Court.

Here, pursuant to RCC[H] Rule 8 the lower court entered its ... *ex parte* order that it would rule on the motion for summary judgment without oral hearing. The order, moreover, expressly provided for the submission of memoranda, affidavits, and other evidence by the parties within a stated period.

Accordingly, having discretionary authority which it exercised, the lower court did not err in deciding the motion for summary judgment without an oral hearing.

*Id.* at 251–52, 753 P.2d at 819–20.

In the present matter, the circuit court *sua sponte* entered summary judgment in favor of Thronas and against the Appellants, despite the fact that neither Thronas nor the Appellants had moved for summary judgment against the other, without substantially complying with the notice and hearing requirements of HRCP Rule 56(c). As recited *supra* in section I, the County responded to Thronas's *third-party complaint* by filing an MSJ *only against Thronas;* the County's MSJ does *not* name the Appellants. Thronas filed a joinder in the County's MSJ, but did not expressly move for summary judgment against the Appellants. Thus, in contrast to *Kau* and *Shelton,* the Appellants had *no notice* that Thronas was seeking summary judgment against them precisely because he had *not,* in fact, moved for summary judgment against them. More importantly, the circuit court gave the Appellants no notice that it was treating Thronas's joinder as an MSJ against *them.* Being unaware that Thronas's joinder could result *directly* in the entry of summary judgment against them on their complaint, the Appellants were obviously and *actually prejudiced* by the lack of notice.

With regard to the hearing requirement of HRCP Rule 56(c), although the circuit court

---

4. The ICA noted that

[t]he federal courts generally hold that an oral hearing is not necessary on a motion for summary judgment and that the motion can be decided on written submissions. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 2720.1 (1983). *See, e.g., Allied Chem. Corp. v. Mackay,* 695 F.2d 854 (5th Cir.1983).

*Wilder,* 7 Haw.App. at 252 n. 2, 753 P.2d at 820 n. 2.

did conduct a hearing on January 11, 2000, the transcript of the hearing was entitled, "Third–Party Defendant County of Kauai's motion for summary judgment," which accurately reflects the subject matter of the proceedings. The circuit court neither conducted a separate hearing on Thronas's joinder nor addressed Thronas's joinder as a motion for summary judgment against the Appellants at all. By contrast to *Wilder*, therefore, the circuit court did not exercise its discretionary RCCH Rule 8 authority to forego an oral hearing on Thronas's joinder in the County's MSJ, which did not target the Appellants' complaint in any event, and the circuit court's failure to afford the Appellants an oral hearing on a motion for summary judgment directed against them "constitute[d] harmful error *per se*." *Jensen*, 53 Haw. at 202, 491 P.2d at 548.

Based on the foregoing, we hold that the circuit court erred in *sua sponte* entering the February 25, 2000 order granting Thronas's MSJ via joinder, which treated the joinder as a distinct motion for summary judgment against the Appellants, without providing the Appellants notice and an oral hearing. *See Clarke*, 50 Haw. at 170–71, 434 P.2d at 313; *Jensen*, 53 Haw. at 202–03, 491 P.2d at 548.

B. *Notwithstanding The Foregoing, The Order Granting The County's MSJ And The Judgment In Favor Of The County And Against Thronas Remain The "Law Of The Case."*

▮▮▮ In their points of error on appeal, the Appellants allege *only* that the circuit court erred in granting summary judgment against them and in favor of Thronas. The Appellants do *not* challenge *any* of the following: (1) the January 28, 2000 order granting summary judgment in favor of the County and against Thronas; (2) the March 16, 2000 judgment "in favor of the County ... and against all parties as to all claims asserted ... against the County,"; and (3) the August 14, 2000 order denying the Appellants' motion to set aside. Thus, as Thronas argues, "[t]he judgment entered on the order granting [the County] summary judgment has not been appealed, is not subject to appeal, and thus constitutes the law of the case."

> The phrase "law of the case" has been used, *inter alia*, to refer to "the usual practice of courts to refuse to disturb all prior rulings in a particular case, including rulings made by the judge himself." *Wong v. City and County of Honolulu*, 66 Haw. 389, 396, 665 P.2d 157, 162 (1983).

> 'Law of the case does not, however, have the inexorable effect of *res judicata* and does not preclude the court from reconsidering an earlier ruling if the court feels that the ruling was probably erroneous and more harm would be done by adhering to the earlier rule than from the delay incident to a reconsideration and the possible change in the rule of law to be applied.' 2 Moore, *Federal Practice*, [§ 12.14] p. 2266, n. 11. *Gallas v. Sanchez*, 48 Haw. 370, 382, 405 P.2d 772, 779 (1965). In fact, it has been noted that, *so long as a trial court retains jurisdiction, it "always has the power to reexamine, modify, vacate, correct and reverse its prior rulings and orders." In re Solomat Partners, L.P.*, 231 B.R. 149, 156 (B.A.P.2d Cir.1999) (rejecting an argument that a judge was bound by law of the case established by his own prior oral order) (citing, *inter alia*, *Ferrara & Hantman v. Alvarez*, 124 F.3d 567, 583 (3d Cir.1997); *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir.1989)).

*Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawai'i*, 92 Hawai'i 432, 441, 992 P.2d 127, 136 (2000) (emphases added).

In the present matter, notwithstanding that Thronas did not oppose the County's MSJ, the *sole* basis for the County's motion was that "*the hedge was not a contributing factor in [i.e., a legal cause of] the accident.*" (Emphasis in original.) The circuit court's January 28, 2000 order granting the County's MSJ therefore ruled, of necessity, that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show[ed] that there [was] no genuine issue as to" whether the hedge was a legal cause of the accident, such that the County was "entitled to a judgment as a matter of law." HRCP Rule 56(c), *see*

*supra* note 2; *see also Durette,* 105 Hawai'i at 501, 100 P.3d at 71 ("'[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal citations and quotation signals omitted.)).

Further to the foregoing, although the Appellants assert in their opening brief that "[t]he motion by the County against Thronas should have had no effect on the [Appellants] because [they] were not [parties] in the third-party action," they had an overwhelming interest in contesting the County's MSJ. As recited *supra* in section I, the Appellants' complaint alleged, *inter alia,* (1) that "[Thronas] negligently maintained a hedge at the corner closest to said intersection which far exceeded the three feet height limitation imposed by law and thereby obstructed the vision of motorists and caused a traffic hazard" and (2) that "[t]he combined negligence of [Lee and Thronas] directly caused the [subject] collision." By filing their January 7, 2000 statement of no position regarding the County's MSJ and by failing to oppose the MSJ at the January 11, 2000 hearing, the Appellants effectively conceded that the hedge was *not* a legal cause of the accident.[5]

5. The Appellants have failed to preserve any objection to the admissibility of the attachments to the County's MSJ against Thronas. This court recently observed in *Price v. AIG Hawai' Insurance Company, Inc.,* Nos. 24596 and 24871, 107 Hawai'i 106, 111 P.3d 1 (Haw. March 29, 2005), as follows:

> "[T]he rule in this jurisdiction ... prohibits an appellant from complaining for the first time on appeal of error to which he has acquiesced or to which he failed to object." *Okuhara v. Broida,* 51 Haw. 253, 255, 456 P.2d 228, 230 (1969) (citations omitted); *see also* HRS § 641-2 (2004) ("The appellate court ... need not consider a point that was not presented in the trial court in an appropriate manner."); *Craft v. Peebles,* 78 Hawai'i 287, 294, 893 P.2d 138, 145 (1995); Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4)(iii) (2004) (noting that an appellant's opening brief shall state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.").
>> There are sound reasons for the rule. It is unfair to the trial court to reverse on a ground that no one even suggested might be error. It is unfair to the opposing party, who might have met the argument not made below. Finally, it does not comport with the concept of an orderly and efficient method of administration of justice.
>
> *Kawamata Farms, Inc. v. United Agri Prods.,* 86 Hawai'i 214, 248, 948 P.2d 1055, 1089 (1997) (citation omitted).

*Id.,* 107 Hawai'i at 111, 111 P.3d at 6 (brackets in original). In the present matter, as in *Price,* the Appellants did not object in the circuit court to the admissibility of the police report and witness statements that they now challenge on appeal. *See Price,* 107 Hawai'i at 111, 111 P.3d at 6.

> *Price* further noted as follows:
>> [T]his court has previously declined to address evidentiary challenges to affidavits relating to summary judgment motions without proper objection before the circuit court. *See, e.g., Dairy Rd. Partners v. Island Ins. Co.,* 92 Hawai'i 398, 408–09, 422–23 n. 15, 992 P.2d 93, 103–04, 117–18 n. 15 (2000) (noting that, because the appellant failed to raise an evidentiary objection to an affidavit supporting a memorandum in opposition to a motion for summary judgment, "[the appellant] waived that issue." (Citation omitted)); *Acoba v. Gen. Tire, Inc.,* 92 Hawai'i 1, 12, 986 P.2d 288, 299 (1999) (stating that, because the appellant did not object to the appellee's affidavits in support of its motion for summary judgment, "[the appellant] is precluded from challenging the admission of [the appellee]'s pleadings and affidavits on appeal." (Citation omitted)).... [T]he majority of federal courts that have interpreted Federal Rules of Civil Procedure (FRCP) Rule 56(e) (1987), which is identical to the Hawai'i rule governing affidavits and exhibits in support of summary judgment motions, have held that a party who fails to object to inadmissible affidavits and exhibits waives the right to do so on appeal. *See, e.g., ... In re Teltronics Servs., Inc.,* 762 F.2d 185, 192 (2d Cir.1985).... As the Second Circuit Court of Appeals stated:
>>> [T]o set aside a summary judgment under these circumstances would permit a party to make no response, or only a limited response, to a movant's allegedly defective affidavits, with the result that the motion would either be defeated or later set aside. In the absence of a gross miscarriage of justice, not present here, such a result is impermissible. Parties may not sandbag the court in this fashion, selectively opposing the points they choose, and on appeal claiming that the unopposed points were defectively presented and required no response.
>>
>> *In re Teltronics Servs., Inc.,* 762 F.2d at 192.

*Price,* 107 Hawai'i at 112, 111 P.3d at 7 (some brackets added and some in original) (ellipsis points added). *Price* therefore held "that challenges to ... papers [relating to summary judg-

We therefore hold, pursuant to the "law of the case" doctrine, that the circuit court *may* choose on remand, in the face of a motion for summary judgment against the Appellants filed in compliance with HRCP Rule 56, to enter summary judgment in favor of Thronas and against the Appellants, because to rule otherwise would "disturb" (1) the unchallenged January 28, 2000 order granting the County's MSJ and (2) the unchallenged March 16, 2000 judgment in favor of the County. *See Chun*, 92 Hawai'i at 441, 992 P.2d at 136.

On the other hand, the circuit court "always has the power to reexamine, modify, vacate, correct and reverse its prior rulings and orders." *Id.* at 441, 992 P.2d at 136 (internal citations and quotation signals omitted). But on remand, absent a finding "that the ruling was probably erroneous and more harm would be done by adhering to the earlier rule than from the delay incident to a reconsideration and the possible change in the rule of law to be applied," *id.* at 441, 992 P.2d at 136 (internal citations and quotation signals omitted), the "law of the case" doctrine would militate in the direction of the circuit court granting summary judgment in Thronas's favor. In any case, we leave this determination to the discretion of the circuit court.

## IV. CONCLUSION

In light of the foregoing analysis, we (1) vacate (a) the February 25, 2000 order granting Thronas's MSJ via joinder in Thronas's favor and against the Appellants and (b) the circuit court's February 7, 2001 final judgment and (2) remand this matter to the circuit court for further proceedings consistent with this opinion.

ment motions,] raised for the first time on appeal[,] are waived absent plain error." *Id.* at 112, 111 P.3d at 7.

In the present matter, because the Appellants had every incentive, not to mention a full opportunity, to object to the admissibility of the police reports and witness statements in the circuit court's consideration of the County's MSJ, we do not review the orders granting summary judgment for plain error. Thus, the Appellants' "challenges to [the police reports,] raised for the first time on appeal[,] are waived...." *Id.*

Dissenting Opinion by ACOBA, J.

I respectfully dissent because the judgment granted as to Third–Party Defendant the County of Kauai (the County) has become final. *See* discussion *supra*. Because the judgment has become final, it is legally established that the height of the hedge which is the basis of liability alleged by Plaintiffs–Appellants Benjamin Querubin and Carolyn Taketa, as Special Administrator of the Estate of Juanita Querubin, deceased (Plaintiffs) against Defendant–Appellee Olaf Thronas (Thronas) was not a contributing factor in the subject accident. This fact was established by events described as follows.

On December 7, 1999, the County moved for summary judgment on the ground that the "hedge was not a contributing factor in the accident." As the County noted, Plaintiffs' complaint alleged at paragraph 8 that "Thronas negligently maintained a hedge at the corner closest to said intersection which far exceeded the three feet height limitation imposed by law and thereby obstructed the vision of motorists and caused a traffic hazard." (Capitalization omitted.) Thronas subsequently filed a third-party complaint against the County and Doe third-party defendants alleging, *inter alia*, as follows:

6. County and/or Doe Third–Party Defendants had a duty to maintain that portion of the hedge that is closest to intersection, *and if any part of the hedge contributed to the damages incurred by Plaintiffs, or any of them, it was the portion of the hedge located in County's* and/or Doe Third–Party Defendants' *property that did so,* and County and/or Doe Third–Party Defendants[ ] breached

Nevertheless, in their opening brief on appeal, the Appellants assert that "the evidence, even if considered, did *not* establish the hedge was not a factor." (Emphasis in original.) The Appellants have waived this argument, however, because (1) they have conceded in their opening brief that "Judge Masuoka was correct in granting the County's motion against Thronas" and (2) they have not raised as points of error either (a) the January 28, 2000 order granting summary judgment in favor of the County and against Thronas or (b) the March 16, 2000 judgment in favor of the County.

its/their duty to maintain that portion of the hedge;

7. If Plaintiffs, or any of them, incurred damages as alleged in their Complaint, each of their damages were the result of the negligence or fault of County and/or Doe Third–Party Defendants, and Thronas was not at fault in any way[.]

(Emphases added.) (Capitalization omitted.)

On December 10, 1999, Thronas filed a joinder in the County's motion for summary judgment alleging the same ground, to the effect that "the presence or maintenance of the hedge at the site of the traffic accident from which Plaintiff(s) incurred his/her/their injuries was not a contributing factor in said traffic accident." Plaintiffs were served with the County's motion. Plaintiffs were also served with Thronas's joinder.

On January 7, 2000, Plaintiffs filed a statement of no position, stating "they have no position as to Third–Party Defendant County of Kauai's Motion for Summary Judgment, which was filed on December 7, 1999, and is scheduled for hearing ... on January 11, 2000." (Capitalization omitted.) Plaintiffs did not file any response to Thronas's joinder.

On January 28, 2000, the court granted the County's motion for summary judgment and filed an order noting, *inter alia*, that "Plaintiffs[ ] hav[e] filed a statement of no position to the County's motion, and Defendant and Third–Party Plaintiff Olaf Thronas[ ] hav[e] filed a joinder in the County's motion[.]" In apparent consonance with that order, on February 25, 2000, the court filed an "Order Granting Olaf Thronas's Motion for Summary Judgment *via* Joinder in Third–Party Defendant County of Kauai's Motion for Summary Judgment," reciting as part of the order, as follows:

The hearing on Third–Party Defendant's the County of Kauai's Motion for Summary Judgment on the ground that the *presence or maintenance of the hedge at the site of the traffic accident from which Plaintiff(s) incurred his/her/their injuries was not a contributing factor* in said traffic accident, and the joinder in said Motion by Defendant, Olaf Thronas, came on to be heard on the date, at the time and by the Judge as

indicated above. *Present at said hearing was ... legal counsel for Plaintiffs.*

(Emphases added.) Thus, Plaintiffs were represented but apparently did not object to summary judgment granted Thronas by reason of his joinder.

On March 6, 2000, Plaintiffs filed a motion to set aside the order granting Thronas's motion for summary judgment via joinder. In their memorandum in support, Plaintiffs argued that the "order must be set aside for a very simple reason: Defendant Olaf Thronas never filed a Motion for Summary Judgment against Plaintiffs herein and thus, obviously, Defendant Thronas could not possibly be granted [s]ummary [j]udgment against Plaintiffs." (Boldfaced font omitted.) Nevertheless, the court entered "judgment" on March 16, 2000 in favor of the County "as to all claims" raised by all other parties in the action.

On May 22, 2000, Thronas filed a memorandum in opposition to Plaintiffs' February 25, 2000 motion. He noted that

soon after December 8, 1999, *when Thronas served Plaintiffs with his joinder, they were specifically put on notice that Thronas was asking this [c]ourt to treat him in a like manner as County on the issue of the hedge.* It wasn't until almost a month later, on January 7, 2000[,] that Plaintiffs filed a statement of no position on County's [m]otion, and filed nothing on Thronas's joinder. If that wasn't bad enough, when County's [m]otion came on for hearing, Plaintiffs did not even appear.

(Emphases added.) (Capitalization omitted.)

On August 14, 2000, the court denied Plaintiffs' motion to set aside. On February 7, 2001, the court entered "final judgment." As to "third party claims," the judgment stated that

[j]udgment is entered in favor of Third–Party Defendant County of Kauai against Defendant Thronas with respect to Defendant Thronas'[s] third-party claims pursuant to the Order Granting Third–Party Defendant [C]ounty of Kauai's Motion for Summary Judgment entered herein on January 28, 2000 and the Judgment entered herein on March 16, 2000.

(Capitalization omitted.) As to Plaintiffs' claims against Thronas, the judgment stated that

> [j]udgment is entered in favor of Defendant Olaf Thronas ("Defendant Thronas") against Plaintiffs Benjamin Querubin and Carolyn Taketa, as Special Administrator of the Estate of Juanita Querubin, deceased[,] pursuant to the Order Granting Defendant's, Olaf Thronas's Motion [f]or Summary Judgment ... entered herein on February 25, 2000.

(Capitalization omitted.) Plaintiffs appealed only from that part of the February 7, 2001 judgment regarding Plaintiffs' claim against Thronas and did not appeal from any other part of that judgment.

Consequently and additionally, the discussion by the majority regarding the admissibility of the evidence that was submitted by the County in support of its motion for summary judgment, *see* majority opinion at 61 note 5, 109 P.3d at 702 note 5, is not germane. That matter is moot because the order granting summary judgment to the County was not appealed and the thirty-day time for appeal has run. *See* HRS § 641–1(c) (1993) (stating that "[a]n appeal shall be taken in the manner and within the time provided by the rules of court") and Hawai'i Rules of Appellate Procedure Rule 4(a)(1) (2001) (stating that "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order").

The proposition that the hedge was not a contributing factor of the subject accident is now legally established inasmuch as the February 7, 2001 final judgment entered with respect to the court's order granting the County's motion for summary judgment and the judgment entered on March 16, 2000, have not been appealed.[1] This proposition is dispositive of the appeal, for it may not be reexamined. *See, e.g., Taylor–Rice v. State,* 105 Hawai'i 104, 111, 94 P.3d 659, 666 (2004)

("It is elementary that where a party to a suit does not appeal from the decree entered therein, he or she must be held to acquiesce in it." (Quotation marks, brackets, and citation omitted.)).

As the foregoing indicates, Plaintiffs had notice of Thronas's joinder in the County's motion for summary judgment because they had been served with the joinder. The ground for dismissing the County from the case was based on a negation of the fact which had been pled by Plaintiffs as the basis for Thronas's liability and upon which Thronas had filed a third-party complaint against the County. Plaintiffs did not file anything in opposition. Plaintiffs apparently appeared at the February 25, 2000 hearing at which the court granted Thronas's motion for summary judgment via its joinder in the County's motion. Hence, as Thronas argues on appeal, Plaintiffs waived any objections to summary judgment entered on behalf of Thronas and on the facts recounted above, Rule 60(a) would not afford relief.

Because the March 16, 2000 judgment and the February 7, 2001 judgment as to the County's motion for summary judgment are final, it would be inconsistent, as the majority does, to remand and to hold that the circuit court may in effect reconsider a proposition of fact embodied in the February 25, 2000 summary judgment order that has become legally unassailable by virtue of the finality of the March 16, 2000 and the February 7, 2001 judgments. Consequently, it would be unfairly prejudicial to Thronas to allow the circuit court to treat that fact, as binding between the Plaintiffs and the County, but on remand allow the same fact to be re-examined in the same case as it pertains to the Plaintiffs and Thronas.

---

1. As noted *supra,* before the February 7, 2001 final judgment, the court entered a separate judgment on March 16, 2000, in favor of the County as "against all parties" and their claims asserted against County. Arguably, the March 16, 2000 judgment was a final judgment as to the County, but none of the parties raise this as an issue. As discussed *supra,* Plaintiffs' notice of appeal as to the February 7, 2001 judgment only challenged the court's decision as to Plaintiffs' claims against Thronas, thereby rendering the February 7, 2001 judgment in favor of the County legally conclusive.