**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000027
29-JUN-2023
07:54 AM
Dkt. 49 SO**

NO. CAAP-20-0000027

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


U.S. BANK, N.A., SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL
ASSOCIATION, ON BEHALF OF THE HOLDERS OF BEAR STEARNS ASSET
BACKED SECURITIES I TRUST 2006-HE9, ASSET-BACKED CERTIFICATES
SERIES 2006-HE9 , Plaintiff-Appellee,
v.
WILLIAM LEE DAVIS; VANDETTA IRENE DAVIS, Defendants-Appellants,
and
DEPARTMENT OF TAXATION, STATE OF HAWAIʻI, JOHN and MARY DOES
1-20; DOE PARTNERSHIPS, CORPORATIONS or OTHER ENTITIES 1-20,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC171000032)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

        Defendants-Appellants William Lee Davis and Vandetta

Irene Davis (the **Davises**) appeal from the December 17, 2019

Judgment entered by the Circuit Court of the Second Circuit

(**Circuit Court**).[1]  The Davises also challenge the Circuit Court's

December 17, 2019 Findings of Fact; Conclusions of Law; Order

Granting Plaintiff's Motion for Summary Judgment, and for

_____

        [1]        The Honorable Rhonda I.L. Loo presided.

Interlocutory Decree of Foreclosure Against All Parties (**Foreclosure Decree**).

The Davises raise three points of error, contending that the Circuit Court:  (1) abused its discretion in concluding that Plaintiff-Appellee U.S. Bank, N.A., Successor Trustee to Lasalle Bank National Association, on Behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE9, Asset-Backed Certificates Series 2006-HE9's (**U.S. Bank**) established that it had standing to sue for foreclosure at the time this action commenced; (2) abused its discretion by granting Plaintiff's Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties (**MSJ**) based on business records that lacked sufficient foundation and a declaration that was based upon these inadmissible business records; and (3) abused its discretion by granting the MSJ despite U.S. Bank failing to establish that it provided the Davises with adequate notice of default.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Davises' points of error as follows:

As a preliminary matter, we note that an appellate court reviews a circuit court's grant or denial of summary judgment *de novo*, not for an abuse of discretion.  See, e.g., Querubin v. Thronas, 107 Hawaiʻi 48, 56, 109 P.3d 689, 697 (2005).

2

The Davises contend that U.S. Bank failed to establish that it had standing at the time of the filing of the Complaint (**Complaint**), as required by the Hawaiʻi Supreme Court in Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 370, 390 P.3d 1248, 1257 (2017), and subsequent cases.

Here, in support of the MSJ, U.S. Bank attached a declaration of Paige Bushnell (**Bushnell Declaration**), an officer of its loan servicer, Select Portfolio Servicing, Inc. (**SPS**), introducing and authenticating, among other things, copies of: the subject blank-indorsed note (**Note**); the subject mortgage; two assignments of the subject mortgage; a printout from the website bkfsloansphere.com dated April 2, 2019 and entitled "DAVIS - Notes" (**Printout**); various loan payment history records; and the Default Notice. The indorsement on the Note is not dated.

As stated in Reyes-Toledo, "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer or possession alone until specially indorsed." Id. Thus, when a lender forecloses on a mortgage secured by a blank-indorsed note, the lender must establish, *inter alia*, that it held the note at the time it filed the complaint. Id. Additionally, a foreclosing party is considered to be the holder of a note if its agent possesses it. Bank of Am., N.A. v. Anderson, No. CAAP-13-0006277, 2017 WL 122998, at *5 (Haw. App. Jan. 12, 2017) (mem.); see, e.g., U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 327-28, 489 P.3d 419, 431-32 (2021)

(accepting a copy of a bailee letter as evidence of possession via lender's agent).

Here, the Note does not reflect the date of the indorsement, and there is no evidence establishing when the indorsement occurred. The Bushnell Declaration states that U.S. Bank, "directly or through an agent, has possession of" the Note, and "was in possession of the Note at the time of the filing of the complaint." However, the only support for this assertion is the Printout, which is unclear and unexplained. It merely alludes to U.S. Bank's counsel possessing the Note on March 9, 2015, and SPS possessing the Note on March 13, 2015, nearly two years before the January 26, 2017 Complaint. Bushnell's vague testimony that U.S. Bank possessed the Note "directly or through an agent" at the time of the Complaint and at the time of her declaration is conclusory, and fails to identify which entity possessed the Note at which point in time.

Accordingly, we conclude that U.S. Bank failed to establish that, at the time of the filing of the Complaint, U.S. Bank had standing to sue for foreclosure. In light of our conclusion that U.S. Bank failed to properly establish standing, we need not reach the Davises' other points of error.

The Circuit Court's December 17, 2019 Foreclosure Decree and Judgment are vacated, and this case is remanded to the Circuit Court for further proceedings.

DATED:  Honolulu, Hawaiʻi, June 29, 2023.

On the briefs:

Gary Victor Dubin,
Matthew K. Yoshida,
for Defendants-Appellants
William Lee Davis and
Vandetta Irene Davis.

Lester K. M. Leu,
Lansen H. G. Leu,
Daniel K. Kikawa,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge