RICHARD BLAISDELL, Plaintiff-Appellant,
v.
DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellee.
No. 28736.
Intermediate Court of Appeals of Hawaii.
July 18, 2008.
On the briefs:
Richard Blaisdell, Plaintiff-Appellant pro se.
Christine E. Savage and Caron M. Inagaki, Deputy Attorneys General, for Defendant-Appellee.

MEMORANDUM OPINION
FOLEY, Presiding Judge, NAKAMURA and LEONARD, J.
Plaintiff-Appellant pro se Richard Blaisdell (Blaisdell) appeals from the Final Judgment filed on August 29, 2007 in the Circuit Court of the First Circuit.[1]
On appeal, Blaisdell fails to comport with Hawai`i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) which requires that an Opening Brief contain:
(4) A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.
Blaisdell also ignores HRAP Rule 28(b)(7), which requires that an appellant's opening brief shall include an argument section
containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. The argument may be preceded by a concise summary. Points not argued may be deemed waived.
(Emphasis added). Failure to conform to the requirements of HRAP Rule 28(b) is, alone, a sufficient basis for dismissal. HRAP Rule 30 ("When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed[.]").
Nevertheless, we recognize that the Supreme Court of Hawai`i "has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Bettencourt v. Bettencourt, 80 Hawai`i 225, 230, 909 P.2d 553, 558 (1995) (internal quotation marks and citation omitted).
We will consider the following points of error that this court is able to discern Blaisdell has raised:
(1) The circuit court erred in denying Blaisdell's July 23, 2007 Motion for Summary Judgment (Blaisdell's MSJ) and in granting the August 1, 2007 Cross Motion for Summary Judgment of the Department of Public Safety (DPS) (DPS's MSJ) as to Blaisdell's claim that a DPS policy[2] of maintaining "spendable" and "restricted" inmate trust accounts is contrary to Hawaii Revised Statutes (HRS) §§ 353-19 (1993), 353-20 (1993), 353-21 (1993), and 353-22 (Supp. 2007).[3]
(2) The circuit court erred in denying Blaisdell's MSJ and in granting DPS's MSJ as to Blaisdell's claim of non-payment of interest on his inmate accounts.

I. BACKGROUND
Blaisdell is a Hawai`i inmate currently incarcerated at the Saguaro Correctional Center in Arizona. On August 10, 2004, Blaisdell filed a Complaint for Interpleader and Declaratory Judgment (First Complaint). Blaisdell also submitted a Declaration in Support of Request to Proceed in Forma Pauperis, which the circuit court denied. On August 30, 2004, the circuit court dismissed without prejudice the First Complaint because of Blaisdell's non-payment of fees. On September 7, 2004, Blaisdell filed a notice of appeal. The appeal was dismissed by the Hawaii Supreme Court on January 21, 2005. The supreme court found that the circuit court decision had not been reduced to a final judgment and therefore the supreme court lacked jurisdiction. The circuit court filed a final judgment on February 22, 2005, and on March 11, 2005, Blaisdell appealed from the final judgment.
On July 26, 2006, this court filed a Summary Disposition Order, affirming the circuit court's denial of Blaisdell's request to proceed in forma pauperis and dismissal for non-payment of fees. On August 10, 2006, Blaisdell filed a notice of appeal from this court's decision to the Hawai`i Supreme Court. On November 1, 2006, the supreme court filed an "Order Dismissing [Blaisdell's appeal] and Permitting [Blaisdell] to File an Appropriate Application for Writ of Certiorari in Accordance With Hawai`i Rules of Appellate Procedure Rule 40.1." After Blaisdell filed an application for a writ of certiorari, the supreme court accepted his application and, in its January 18, 2007 Opinion, held that it was an abuse of discretion for the circuit court to deny Blaisdell's request to proceed in forma pauperis. The supreme court vacated the circuit court's February 22, 2005 judgment and remanded the case to the circuit court.
On July 17, 2007, Blaisdell filed a Motion for Joinder of Action. Blaisdell asked the circuit court to join additional grounds to his First Complaint, including a new issue of failure to pay interest on his inmate account. On July 23, 2007, Blaisdell filed his MSJ as to all of his claims. On August 1, 2007, DPS filed its opposition memorandum to Blaisdell's MSJ and its MSJ.
On August 29, 2007, the circuit court filed its "Order (1) Granting [Blaisdell's] Motion for Joinder of Action; (2) Denying [Blaisdell's] Motion for Summary Judgment; & (3) Granting Defendant Department of Public Safety's Cross Motion for Summary Judgment," in which it concluded:
Section 353-21 of the Hawaii Revised Statutes specifically provides that [DPS] "shall allow any committed person under its direction to draw from funds in the committed person's account such amounts and for such purpose as it may deem proper[.]" (Emphasis added) This statute specifically allows [DPS] to determine the purpose for which an inmate can withdraw funds from prison earnings. The restricted accounts created by [DPS] are in furtherance of this specific power, and were exercised reasonably, and do not constitute a violation of [Blaisdell's] statutory and/or constitutional rights.
On that same day, the circuit court filed a Final Judgment, in which it entered judgment in favor of DPS and against Blaisdell on all claims.
Blaisdell timely filed a Notice of Appeal.

II. STANDARD OF REVIEW
"We review the circuit court's grant or denial of summary judgment de novo." Querubin v. Thronas, 107 Hawai`i 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawai`i 490, 501, 100 P.3d 60, 71 (2004)). The Hawai`i Supreme Court has often articulated that
summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.
Querubin, 107 Hawai`i at 56, 109 P.3d at 697 (quoting Durette, 105 Hawai`i at 501, 100 P.3d at 71).
Hawai`i Rules of Civil Procedure (HRCP) Rule 56(e) provides in relevant part:
Rule 56. Summary judgment.
. . . .

(e) Form of affidavits; further testimony; defense required. . . . When a motion for summary judgment is made . . ., an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
Thus, [a] party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions, `nor is [the party] entitled to a trial on the basis of a hope that [the party] can produce some evidence at that time.'" Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d 2727 (1983)).

III. DISCUSSION
Blaisdell raised no more than unsupported allegations and conclusions in his MSJ; therefore, the circuit court did not err in denying it.
In DPS's MSJ, it made and supported a prima facie case that DPS policy regarding restricted inmate accounts was not in violation of HRS Chapter 353.
In response to DPS's MSJ, Blaisdell failed to "set forth specific facts showing that there is a genuine issue for trial" in regard to the issue of restricted inmate accounts. HRCP Rule 56(e). The circuit court quoted the plain text of HRS § 353-21 and concluded that there was no evidence to show that the manner in which DPS established restricted inmate accounts violated the statute. Summary judgment was appropriate on the issue of restricted inmate accounts, and the circuit court did not err in granting DPS's MSJ on that issue.
DPS's MSJ was not made and supported as provided for in HRCP Rule 56 on the claim of non-payment of interest on Blaisdell's inmate accounts. DPS produced no admissible evidence that interest was in fact paid or that interest was not required to be paid on Blaisdell's inmate accounts. The only reference to interest on Blaisdell's accounts in DPS's motion for summary judgment is the assertion that "[s]uch savings including any interest accrued shall be paid in total to the inmate upon parole or discharge from the [DPS]."
Blaisdell alleged and argued that DPS was "holding [an inmate's] garnished wages without payment of accrued interest to the inmates' [sic] credit." The circuit court's summary dismissal of Blaisdell's claim that his inmate accounts were not accruing interest was not appropriate. The issue of failure to pay interest on Blaisdell's inmate accounts is "a genuine issue for trial". HRCP Rule 56(e).

IV. CONCLUSION
The Final Judgment entered on August 29, 2007 is vacated. The portion of the August 29, 2007 "Order (1) Granting Plaintiff's Motion for Joinder of Action; (2) Denying Plaintiff's Motion for Summary Judgment; & (3) Granting Defendant Department of Public Safety's Cross Motion for Summary Judgment" wherein the circuit court dismissed Blaisdell's claim of non-payment of interest on his inmate accounts is also vacated and that issue is remanded for reconsideration consistent with this opinion. The remainder of the August 29, 2007 order is affirmed in all other respects.
NOTES
[1] The Honorable Sabrina S. McKenna presided.
[2] In his opening brief, Blaisdell refers to "COR. 02.12 on page 2 @ 3.2," but does not attach a copy of this policy to his brief. A copy of the CORRECTIONS ADMINISTRATION POLICY AND PROCEDURES, Policy No. COR.02.12, is attached as Exhibit B to DPS's August 1, 2007 Memorandum in Opposition to Motion for Summary Judgment and Cross Motion for Summary Judgment, and this appears to contain the policy to which Blaisdell refers.
[3] HRS Chapter 353 provides in relevant part:

§353-19 Compensation for labor or training by committed persons. Every committed person, who is working within a state correctional facility or who is in such training or educational programs as the director or a designated agent pursuant to law prescribes, may be allowed such graduated sums of money as the director by rule determines. Any committed person engaged in work, training, or education pursuant to this section or work pursuant to this chapter or chapter 354D shall not be affected by chapter 386.
§353-20 Custody of moneys; accounts for committed persons, etc. All sums collected under this chapter and any other authorized sources shall be deposited by the department into an individual trust account to the credit of the committed person. The department shall maintain individual ledger accounts for each committed person and shall issue to each committed person a quarterly statement showing credits and debits.
§353-21 Withdrawals; forfeitures; etc. The department shall allow any committed person under its direction to draw from funds in the committed person's account such amounts and for such purpose as it may deem proper. Upon the parole or discharge of a committed person, the department shall pay the committed person any money to which the committed person may be entitled under this chapter. Upon the death of any committed person during incarceration, all funds to which the committed person may have been entitled shall be distributed as provided by law in the same manner as the committed person's other property; provided that the funds shall first be used to satisfy any restitution order in that committed person's name or any reimbursements to the State the director has determined is owed by the committed person.
§353-22 Earnings exempt from garnishment, etc. No moneys earned by a committed person and held by the department, to any amount whatsoever, shall be subject to garnishment, levy, or any like process of attachment for any cause or claim against the committed person, except as provided for in section 353-22.5.