LAW LIBRARY

NO. 28654

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 JUN 24  AM 7:55

FILED

SHARON S.H. CHIN, Plaintiff-Appellant v.
VENETIA K. CARPENTER-ASUI, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 05-1-2287)

MEMORANDUM OPINION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant Sharon S.H. Chin (Chin) appeals the June 25, 2007 final judgment of the Circuit Court of the First Circuit (circuit court) in favor of Chin's former attorney Defendant-Appellee Venetia K. Carpenter-Asui (Carpenter-Asui).[1] The circuit court granted summary judgment in favor of Carpenter-Asui on all five of Chin's claims for legal malpractice, breach of contract, breach of fiduciary duty, emotional distress and punitive damages.

Chin, proceeding pro se, appeals from the circuit court's grant of summary judgment and generally reiterates her contentions below that, due to Carpenter-Asui's alleged mishandling of Chin's marital status discrimination case against her former employer City Bank (Chin v. City Bank, Civ. No. 03-1-0196),[2] Chin not only lost that case but was forced to give up her right to appeal as part of an unwanted and coerced settlement. A significant component of Chin's current appeal focuses on Carpenter-Asui's alleged failure in the underlying action to contest City Bank's motion for attorney's fees and

---

[1]  The Honorable Randal K. O. Lee presided.

[2]  In the underlying action, Chin asserted claims against City Bank and a City Bank manager who allegedly harassed Chin due to her status as a single female.

costs, which Chin argues led to a judgment against her in the amount of $54,734.60. This in turn allegedly caused Chin to ultimately decide to forgo her appeal in the underlying action in exchange for City Bank's dropping its demand for attorney's fees and costs.

I.    Standard of Review

We review de novo the circuit court's grant of summary judgment. Hawaii Cmty. Fed. Credit Union v. Keka, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000). As the Hawai'i Supreme Court has often articulated:

> [s]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . The evidence must be viewed in the light most favorable to the non-moving party.

Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)).

The respective burdens of the movant and the opposing party regarding a summary judgment motion must be considered.

> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.
>
> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.

> Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law.

Stanford Carr Dev. Corp. v. Unity House Inc., 111 Hawai'i 286, 295-96, 141 P.3d 459, 468-69 (2006) (quoting French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004)).

In responding to a summary judgment motion, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Hawai'i Rules of Civil Procedure (HRCP) 56(e) (2010). Thus, "[a] party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions, 'nor is [the party] entitled to a trial on the basis of a hope that [the party] can produce some evidence at that time.'" Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2727 (1983)).

II. Discussion

A. Circuit Court's Ruling

The circuit court determined that Carpenter-Asui "used the skill, prudence and diligence that a lawyer of ordinary skill and capacity possesses and exercises," and granted summary judgment in favor of Carpenter-Asui on the first three counts of the complaint: (1) legal malpractice, (2) breach of contract, (3) breach of fiduciary duty.

As to Chin's claim for emotional distress, which the circuit court characterized as a claim for Intentional Infliction of Emotional Distress (IIED), the circuit court ruled that Chin

3

failed to meet her burden of presenting evidence that Carpenter-Asui acted in an unreasonable or outrageous manner.  Accordingly, the court granted Carpenter-Asui's motion for summary judgment on the IIED claim.

Having decided the other counts in favor of Carpenter-Asui, the circuit court granted summary judgment on the punitive damages claim as well.

B.   Evidence Adduced Regarding The Summary Judgment Motion

In support of her motion for summary judgment, Carpenter-Asui submitted a detailed declaration and exhibits setting forth her actions in representing Chin in the underlying action.  This declaration set forth facts establishing, *inter alia*, that Carpenter-Asui communicated with Chin on a regular and extensive basis, that she responded to and opposed several substantive motions by the City Bank defendants, and that she perfected an appeal in the underlying action from the trial court's judgment against Chin.

Of note, the only information in Carpenter-Asui's declaration regarding City Bank's underlying motion for attorney's fees and costs is that the motion was granted in the amount of $47,093.73 in fees and $7,640.87 in costs ($54,734.60 total), and that Carpenter-Asui's strategy -- apparently after the motion was granted -- "was to move to stay the award of fees and costs pending the outcome of the Appeal and to see what City Bank would be willing to settle for in the meantime."  Absent from the record is any evidence as to whether Carpenter-Asui responded to or opposed the motion for fees and costs in the first instance, and if not, the reason for not responding or opposing it.  Moreover, the underlying motion for fees and costs is not in evidence in this case.

4

Of further significance in this case, however, is that Chin completely failed to present any admissible evidence in responding to Carpenter-Asui's motion for summary judgment.[3] Therefore, there is nothing in the record to rebut the facts to the extent they are set forth in Carpenter-Asui's declaration or exhibits in support of her motion.

C.    Legal Malpractice Claims

The Hawai'i Supreme Court has established that:

> [t]he general rule with respect to the liability of an attorney for failure to properly perform his duties to his client is that the attorney, by accepting to give legal advice or to render other legal services, impliedly agrees to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake.

Blair v. Ing, 95 Hawai'i 247, 259, 21 P.3d 452, 464 (2001) (quoting Lucas v. Hamm, 364 P.2d 685, 689 (Cal. 1961)). However, "an attorney cannot be held liable for every mistake made in his or her practice, especially for an error as to a question of law on which reasonable doubt may be entertained by well-informed lawyers." Id.

In general, the elements of a cause of action for legal malpractice are: (1) the attorney-client relationship or other basis for duty; (2) a negligent act or omission; (3) causation and (4) damages. Kurinij v. Hanna & Morton, 55 Cal.App.4th 853, 863 (1997).

With regard to causation, a legal malpractice case "is the type of case that imposes a burden on a plaintiff . . . in conducting 'a trial within a trial,' i.e. it is necessary for plaintiff to prove both the attorney's negligence and also what

---

[3]    The only evidence that Chin proffered was a letter from her psychologist purporting to document her emotional trauma from the alleged discrimination at City Bank and her failure to get vindication through the legal system. Carpenter-Asui objected to the admission of the unauthenticated letter and the circuit court refused to consider the letter on hearsay grounds.

the outcome of the mishandled litigation would have been if it had been properly tried." <u>Collins v. Greenstein</u>, 61 Haw. 26, 38, 595 P.2d 275, 282 (1979). Moreover, "[w]here reasonable persons would not dispute the absence of causality . . . the court may take the decision from the jury and treat it as a question of law." <u>Id.</u> at 42, 595 P.2d at 284, (citing <u>Ishmael v. Millington</u>, 241 Cal.App.2d 520, 525-26 (1966)).

Ultimately, "where there is no conflict from the evidence and but one inference can be drawn from the facts, it is the duty of the court to pass upon the question of negligence and proximate cause as questions of law." <u>Collins</u>, 61 Haw. at 38, 595 P.2d at 282 (internal quotation marks omitted) (quoting <u>Young v. Price</u>, 47 Haw. 309, 313, 388 P.2d 203, 206 (1963)).

For purposes of the legal malpractice claims, Carpenter-Asui contends that irrespective of Carpenter-Asui's actions, Chin must make a showing that she would have prevailed if the underlying discrimination case went forward (i.e. causation, or the "trial within a trial" analysis). Moreover, we must take into account that because Chin has the burden of proving such causation at trial, for summary judgment purposes she must make a sufficient showing on this essential element. The Hawai'i Supreme Court has stated:

> [w]here the moving party is the defendant, who does *not* bear the ultimate burden of proof at trial, *summary judgment is proper when the non-moving party-plaintiff*
>
> > *fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.* In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116
Hawai'i 277, 302, 172 P.3d 1021, 1046 (2007)(emphasis in
original) (citation omitted).

Here, Chin has the burden of making a sufficient
showing that there is at least a genuine issue of material fact
regarding whether she would have had some sort of success going
forward in the underlying discrimination case. That is, not only
that she would have prevailed on appeal, but that she would have
also succeeded on some part of her underlying claim on remand in
that case. Chin has completely failed to present any evidence or
to make any showing whatsoever on this point. Under the
particular circumstances of this case, Chin has failed to make
any showing to "establish the existence of an element essential"
for her claims related to alleged malpractice.

Summary judgment was therefore proper with regard to
Chin's first three causes of action.

D. IIED claim

The elements for an IIED claim under Hawai'i law are:

1) that the act allegedly causing the harm was intentional
or reckless, 2) that the act was outrageous, and 3) that the
act caused 4) extreme emotional distress to another.

Hac v. University of Hawaii, 102 Hawai'i 92, 106-07, 73 P.3d 46,
60-61 (2003). "Outrageous" is construed as meaning "without just
cause or excuse and beyond all bounds of decency." Lee v. Aiu,
85 Hawai'i 19, 34 n.12, 936 P.2d 655, 670 n.12 (1997) (internal
quotation marks omitted) (quoting Chedester v. Stecker, 64 Haw.
464, 468, 643 P.2d 532, 535 (1982)).

Here, to the extent Carpenter-Asui set forth in her
declaration and supporting exhibits the efforts she made to
represent Chin in the underlying action, summary judgment was
appropriate. That is, given the evidence adduced by Carpenter-
Asui and that no counter evidence was submitted by Chin, there is
no genuine issue of material fact that Carpenter-Asui

communicated often and extensively with Chin, sought to assert Chin's claims, defended against several substantive motions by the City Bank defendants, and perfected an appeal after judgment was entered against Chin. Thus, as to these areas, Carpenter-Asui's conduct in the underlying case was not "outrageous."

As noted, however, Carpenter-Asui failed to present evidence as to whether she responded to or opposed the underlying motion for fees and costs, and if not, why. Moreover, the facts surrounding the fees and costs motion could impact whether Carpenter-Asui's actions in later addressing settlement and dismissal of the underlying appeal constitute a basis for IIED.[4] That Carpenter-Asui's declaration touches on the fees and costs award but does not address these issues raises questions of fact in itself.

Carpenter-Asui, as summary judgment movant, had the initial burden to establish the material facts related to the IIED claims. Without anything in the record to determine what actions Carpenter-Asui took in addressing the motion for fees and costs, the basis for such action or inaction, and what the merits or demerits of the motion were, it was error for the trial court to grant summary judgment regarding these allegations. That is, there was no basis to determine whether Carpenter-Asui's conduct in addressing the motion for fees and costs was "intentional or reckless," and whether it would constitute "outrageous" conduct.

Therefore, summary judgment was appropriate on the IIED claim except as to the allegations that Carpenter-Asui failed to properly handle the underlying motion for fees and costs and that "subsequently, [Carpenter-Asui] pressured and forced [Chin] to settle the matter and [withdraw] her appeal."

_____

[4] For purposes of the IIED claim, the "trial within a trial" analysis does not apply. Instead, the elements as to IIED must be considered.

E.    Punitive Damages

Punitive damages serve as a remedy.  See, Masaki v. General Motors Corp., 71 Haw. 1, 6, 780 P.2d 566, 570 (1989). "[A] claim for punitive damages is . . . purely incidental to a separate cause of action." Ross v. Stouffer Hotel Co. (Hawai'i), Ltd., 76 Hawai'i 454, 466, 879 P.2d 1037, 1049 (1994).

To the extent that part of the IIED claim survives, the remedy of punitive damages remains viable.

III. Conclusion

Upon a careful review of the record and upon due consideration of the arguments made and issues raised by the parties, we hold that:

(1) Summary judgment was appropriate with regard to the claims for legal malpractice, breach of contract, and breach of fiduciary duty;

(2) With regard to the claim for IIED, summary judgment was appropriate as to all of Chin's allegations except those pertaining to the handling of the underlying motion for fees and costs and whether the handling of that motion had any relation to efforts by Carpenter-Asui to settle and dismiss the underlying appeal;

(3) The remedy of punitive damages remains viable to the extent the claim for IIED survives.

We therefore affirm in part, vacate in part and remand for further proceedings.

DATED:  Honolulu, Hawai'i, June 24, 2008.

On the briefs:

Sharon S.H. Chin
for Plaintiff Pro Se Appellant

William C.H. Jarrett
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge