**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000791
06-MAR-2024
10:06 AM
Dkt. 153 SO

NO. CAAP-19-0000791

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JOHN HASIRCOGLU and MARIA HASIRCOGLU,
Plaintiffs-Appellants,
v.
FOPCO, INC., Defendant-Appellee,
and
JOHN DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
ASSOCIATIONS 1-10; DOE CORPORATIONS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0111(1))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and McCullen, JJ.)

Plaintiffs-Appellants John Hasircoglu (**John**) and Maria Hasircoglu (together, **the Hasircoglus**) appeal from the "Final Judgment in Favor of [Defendant-Appellee] FOPCO, Inc. [(**FOPCO**)]" (**Judgment**), entered on October 11, 2019 in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

This case arises out of a February 26, 2009 incident at a tunnel construction project on Molokaʻi. John was an employee of T&M Construction Services, Inc. (**T&M**), subcontractor to the general contractor, FOPCO. John was riding on a trailer being pulled by another vehicle driven by Donald Clark (**Clark**) when a large spool holding heavy cables fell off its spool holder, allegedly hitting John's head, neck, and back. On February 22, 2011, the Hasircoglus filed a complaint against FOPCO in the Circuit Court, alleging, among other things, claims for

---

[1]     The Honorable Rhonda I.L. Loo presided.

negligence, emotional distress and loss of consortium.

On June 17, 2013, the Circuit Court entered an order granting FOPCO's motion for summary judgment as to all claims asserted in the complaint. On September 9, 2013, the court entered final judgment in favor of FOPCO. The Hasircoglus appealed, and on June 30, 2016, this court entered a memorandum opinion affirming the judgment. See Hasircoglu v. Fopco, Inc., No. CAAP-13-0002064, 2016 WL 3573991, at *2 (Haw. App. June 30, 2016) (mem.). After granting certiorari review, on April 21, 2017, the Hawaiʻi Supreme Court entered a summary disposition order vacating this court's judgment as to the negligence claims in Counts I and II, and the emotional distress and consortium claim in Count VII, of the complaint, and remanding the case for further proceedings. See Hasircoglu v. Fopco, Inc., No. SCWC-13-0002064, 2017 WL 1428899, at *2 (Haw. Apr. 21, 2017) (SDO). The supreme court ruled there was a genuine issue of material fact as to whether there was an agency relationship between FOPCO and two T&M employees, Michael Estes and Clark, based on actual express or implied authority, such that FOPCO could potentially be held vicariously liable for their alleged negligence. Id. at *1.

On remand, the Circuit Court held a jury trial on the issue of liability. On August 20, 2019, the jury returned a verdict in favor of FOPCO. As reflected on a special verdict form, the jury found that Estes and Clark were negligent, but that their negligence was not the legal cause of injury to John. Accordingly, on October 11, 2019, the Circuit Court entered the Judgment.

On appeal, the Hasircoglus contend that the Circuit Court "erred in sustaining FOPCO's objection on the grounds of hearsay to [trial] testimony by John that he had been instructed by Clark to sit in the trailer[.]" (Some capitalization altered.)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the Hasircoglus' contention as follows and affirm.

The Hasircoglus contend that the Circuit Court erred in striking the following testimony of John as hearsay:

> [HASIRCOGLUS' COUNSEL]: Okay. All right. So you got get there at 8:00. The cherry picker is used to put the spool on, and what happened after that?
>
> [JOHN]: Well, so we get everything ready at the entrance of the tunnel and just before we go to work as usual, [Clark] comes up to me and says, *I want you to sit in the back of the trailer today*, and that was odd.
>
> Q: Had you ever sat in the back?
>
> [FOPCO'S COUNSEL]: Objection; hearsay, your Honor.

The Hasircoglus' counsel argued that the alleged statement by Clark was an instruction and was not offered for the truth of the matter asserted. After further discussion at the bench, the Circuit Court sustained the hearsay objection, struck "the last answer," and instructed the jury to disregard it.

On appeal, the Hasircoglus argue that the testimony at issue is not hearsay because "[i]t is not being offered to prove that Clark wanted John to sit in the trailer. It is being offered to prove that Clark said that. It was an instruction by Clark telling John to sit in the trailer." (Capitalization altered.)

We need not decide whether the Circuit Court erred in ruling that the testimony at issue was inadmissible hearsay. Pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 61, before a judgment will be set aside, it must be shown that any error made is prejudicial. See Bank of Hawaii v. Shinn, 120 Hawaiʻi 1, 20, 200 P.3d 370, 389 (2008) (quoting Jensen v. Pratt, 53 Haw. 201, 202, 491 P.2d 547, 547 (1971)). HRCP Rule 61 provides:

> Rule 61. HARMLESS ERROR.
>
> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

An appellate court may act pursuant to HRCP Rule 61 where it is necessary to set aside a judgment in order to do "substantial justice" or to safeguard "substantial rights." Shinn, 120 Hawaiʻi

at 20, 200 P.3d at 389; see also HRE Rule 103(a) (2016) ("[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected").

Here, the jury found that Estes and Clark were negligent. Thus, the Circuit Court's decision to strike the testimony at issue did not prejudice the Hasircoglus' case as to the issue of negligence. The jury found, however, that the negligence of Estes and Clark was not the legal cause of injury to John. The Circuit Court had instructed the jury as follows regarding legal cause:

> An act or omission is a legal cause of an injury if it was a substantial factor in bringing about the injury. One of more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury. In such a case, each may be a legal cause of the injury.

The Hasircoglus fail to demonstrate how the striking of the purported statement by Clark prejudiced their case as to the issue of legal causation. Indeed, the Hasircoglus do not argue on appeal that the stricken testimony was even relevant to the disputed causation issues. Absent any showing that the substantial rights of the Hasircoglus were affected, the Circuit Court's decision to strike the testimony at issue, even if erroneous, was harmless and does not warrant reversal.

For the reason discussed above, the Final Judgment in Favor of FOPCO, Inc., entered on October 11, 2019 in the Circuit Court of the Second Circuit, is affirmed.

DATED: Honolulu, Hawai'i, March 6, 2024.

On the briefs:

Charles H. Brower and
Michael P. Healy
for Plaintiffs-Appellants.

Jeffrey A. Griswold and
Paul R. Grable
(Lyons, Brandt, Cook &
Hiramatsu)
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge